Oliver M. Gold, CA Bar No. 279033
OGold@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: (310) 788-3216
Facsimile: (310) 788-3399

Mallory Gitt Webster, *pro hac vice*
MWebster@perkinscoie.com
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

*Attorneys for Respondent
Amazon Logistics, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBIN CHARVES-MEEKS, <br><br> Petitioner, <br><br> v. <br><br> AMAZON LOGISTICS, INC., <br><br> Respondent. | Case No. 2:25-cv-06440-JFW-MAR <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMAZON'S APPLICATION TO SEAL ARBITRATION AWARDS** <br><br> Hearing Date: September 8, 2025 <br> Hearing Time: 1:30 p.m. <br> Judge:   John F. Walter <br> Magistrate Judge: Margo A. Rocconi |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................. 1

II. BACKGROUND ............................................................................................... 2

III. LEGAL STANDARD ....................................................................................... 4

IV. ARGUMENT .................................................................................................... 5

V. CONCLUSION ................................................................................................. 8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
AMAZON'S APPLICATION TO SEAL ARBITRATION AWARDS

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) .................................................................................................. 11

*Billie v. Coverall N. Am., Inc.*,
  2024 WL 4380618 (2d Cir. Oct. 3, 2024) ................................................... 8, 9, 10

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
  809 F.3d 1092 (9th Cir. 2016) ................................................................................ 7

*eBay Inc. v. Boch*,
  2022 WL 1131720 (N.D. Cal. Mar. 21, 2022) ...................................................... 6

*Kamakana v. City & Cty. Of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ............................................................... 6, 7, 8, 11

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978) .................................................................................................. 6

*Raymond James Fin. Servs., Inc. v. Boucher*,
  2024 WL 233731 (S.D. Cal. Jan. 22, 2024) ........................................................ 10

*Stafford v. Int'l Bus. Machines Corp.*,
  78 F.4th 62 (2d Cir. 2023) ............................................................................ 8, 9, 10

*Strong v. Cashbet Alderney Ltd.*,
  2023 WL 6629812 (N.D. Cal. Oct. 11, 2023) ............................................. passim

**STATUTES**

9 U.S.C. § 9 ..................................................................................................................... 10

**RULES**

AAA Commercial Rules R-45(a) ................................................................................ 11

## I. INTRODUCTION

Amazon Logistics, Inc. ("Amazon") respectfully requests that the Court seal three private arbitration awards that Petitioner Robin Charves-Meeks and her counsel publicly filed with their Petition to Confirm (the "Petition"). *See* Dkt No. 1-2–1-4.

The awards were issued in ***private***, ***individual arbitration*** between Amazon and Ms. Charves-Meeks involving claims that she was allegedly misclassified as an independent contractor while participating in the Amazon Flex delivery program. Her counsel is currently prosecuting many other arbitrations raising the same general allegations and claims as those that Ms. Charves-Meeks raised. Like the arbitration with Ms. Charves-Meeks, those proceedings are—as a matter of contract—both private and individual. Yet counsel *admitted* that they seek judicial confirmation of the arbitration awards so they can tout them as precedent across the concurrent arbitration proceedings and attempt to leverage them for statutory penalties. What's more, the Petition is entirely unnecessary. Nearly two months before filing the Petition, Amazon ***fully satisfied all relief*** awarded to Ms. Charves-Meeks in arbitration.

Ms. Charves-Meeks's counsel plainly filed the awards in an attempt to gain a litigation advantage in *other* proceedings between Amazon and *other* claimants. That is an improper use of the judicial process, particularly where the parties agreed to private dispute resolution rather than public litigation in court. The public has no interest in these private arbitration awards that were filed solely to advance counsel's litigation strategy.

The underlying Petition is also patently deficient, further showing that Ms. Charves-Meeks and her counsel filed the arbitration awards without a proper basis. Because Amazon has satisfied the final award, Ms. Charves-Meeks cannot establish an injury in fact under Article III and the Petition is moot. There is no (permissible) relief that the Court could award her. Moreover, the parties did not agree that they

-1-

could seek judicial confirmation of any arbitration award—a threshold requirement to filing a confirmation petition under the Federal Arbitration Act.

The Court should not allow its docket to be used for the improper disclosure of private materials or to facilitate a party's preferred litigation strategy. Accordingly, the Court should grant Amazon's Application to Seal.

## II. BACKGROUND

Ms. Charves-Meeks participated in the Amazon Flex delivery program (the "Program") from November 30, 2018, to October 26, 2019. Declaration of Devon A. DeMarco ("DeMarco Decl.") ¶ 2. By enrolling in the Program, Delivery Partners (DPs) can gain access to an online platform on which delivery blocks are posted without taking on any obligation to perform any work or any minimum amount of work. *Id.* ¶ 3. DPs who choose to access and accept available blocks can earn money delivering packages to customers using their own vehicles. *Id.* ¶ 4.

When Ms. Charves-Meeks signed up to participate in the Program, she agreed to the Amazon Independent Contractor Terms of Service (the "TOS"). *Id.* ¶ 5. Through the TOS, Ms. Charves-Meeks and Amazon agreed to private, individual arbitration of any disputes that arose from her participation in the Program. Ex. 1, Dkt. No. 1-1 § 11(b); *see also* Declaration of Mallory Gitt Webster ("Webster Decl.") ¶ 4, Ex. A. The TOS do not permit either party to seek judicial confirmation of any award or other relief ordered in arbitration. Ex. 1, Dkt. No. 1-1 § 11; Webster Decl. ¶ 4, Ex. A § 11. The TOS further specify that any arbitration award applies only to the parties to a specific proceeding and the specific dispute in that proceeding: "AN AWARD IN ARBITRATION SHALL DETERMINE THE RIGHTS AND OBLIGATIONS BETWEEN THE NAMED PARTIES ONLY . . . AND SHALL NOT HAVE ANY BEARING ON THE RIGHTS AND OBLIGATIONS OF ANY OTHER PERSON OR ON THE RESOLUTION OF ANY OTHER DISPUTE, OR

HAVE PRECLUSIVE EFFECT AS TO ISSUES OR CLAIMS IN ANY OTHER DISPUTE." Webster Decl. ¶ 4, Ex. A § 11(h).

On August 4, 2019, Ms. Charves-Meeks filed an arbitration demand with the American Arbitration Association ("AAA"), alleging that she was misclassified as an independent contractor during her participation in the Program and asserting violations of various California labor laws. DeMarco Decl. ¶ 6. Several years later, the appointed AAA arbitrator issued a partial summary judgment order resolving the misclassification issue. *Id.* ¶ 7. After a hearing on the remaining issues, the arbitrator issued an interim award in January 2025 and a final award in April 2025 (together with the partial summary judgment order, the "Awards"). *Id.* ¶ 8.

The Awards required Amazon to reimburse Ms. Charves-Meeks for certain expenses and awarded her attorney fees. The arbitrator did not award any other relief. *See* Dkt. Nos. 1-2–1-4. As of June 6, 2025, Amazon had satisfied all relief awarded to Ms. Charves-Meeks by the arbitrator. DeMarco Decl. ¶ 9. Ms. Charves-Meeks is not entitled to any further relief under any of the Awards nor has she asserted that she is.

Ms. Charves-Meeks's arbitration is one of numerous others being concurrently pursued by her counsel (and other coordinated counsel) on behalf of other Program participants. *Id.* ¶ 10. Amazon's arbitration agreements with those participants likewise require private and individual proceedings.

Despite having received—nearly two months ago—the full relief she was awarded and the fact that the TOS do not permit judicial confirmation of any arbitration award, Ms. Charves-Meeks filed a petition in this Court seeking to confirm the Awards under the Federal Arbitration Act ("FAA"). *See* Dkt. No. 1. Alongside the Petition, she publicly filed the Awards. *See* Dkt. Nos. 1-2–1-4.

When Amazon learned of the filing, it requested that Ms. Charves-Meeks consent to requesting that the Court seal the Awards because the parties had agreed

-3-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
AMAZON'S APPLICATION TO SEAL ARBITRATION AWARDS

to private dispute resolution—i.e., that the Awards would not be filed in court or be disclosed to the public. Webster Decl. ¶ 5. After meeting and conferring about Amazon's request, Ms. Charves-Meeks declined to consent. *Id.* ¶ 9. Ms. Charves-Meeks declined in part because, as her counsel candidly explained, counsel seeks to obtain the Court's "imprimatur" on the Awards and then attempt to use the court-approved Awards as "persuasive authority" in other proceedings—which are supposed to proceed on their own merits entirely separate from any proceedings involving Ms. Charves-Meeks. *Id.* ¶¶ 10- 11; *see also* Dkt. No. 1-1 § 11(b); Webster Decl. ¶ 4, Ex. A § 11.

### III. LEGAL STANDARD

Courts permit the sealing of private arbitration awards when a "party articulate[s] compelling reasons . . . that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *see also Strong v. Cashbet Alderney Ltd.*, 2023 WL 6629812, at *4 (N.D. Cal. Oct. 11, 2023) (finding a compelling reason to seal an arbitration award where the award had already been paid in full and the only purpose of the confirmation petition was to make the award public). Compelling reasons exist when a party files arbitration documents (or other judicial records) for "improper purposes," including "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Courts have found compelling reasons to seal arbitration documents when the motion to confirm the arbitration award has no purpose beyond making the award public. *See, e.g.*, *Strong*, 2023 WL 6629812, at *5 ("Here, it is apparent the Petition was filed merely as a vehicle for Petitioner to attempt to make the Arbitration Award public."); *cf. eBay Inc. v. Boch*, 2022 WL 1131720, at *2 (N.D. Cal. Mar. 21, 2022) (granting motion to

seal employee records because the information was "minimally relevant to the merits of the motion to confirm the arbitration award").

At bottom, what constitutes a "'compelling reason' is best left to the sound discretion of the trial court." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

## IV. ARGUMENT

There are multiple compelling reasons that justify sealing the Awards.[1] *See Kamakana*, 447 F.3d at 1178. **First**, Ms. Charves-Meeks and her counsel filed the Awards for an improper purpose—to advance counsel's litigation strategy *in other matters* in a way that counsel and their clients cannot under their binding arbitration agreements with Amazon. *See* Webster Decl. ¶¶ 10–11. The TOS require individual arbitration proceedings and strictly prohibit the award in one arbitration from being used in any other proceeding with another person or having preclusive effect as to any other dispute. *See* Dkt. No. 1-1 § 11; Webster Decl. ¶ 4, Ex. A § 11. Classwide or representative arbitration is not permitted. *See* Dkt. No. 1-1 § 11(e); Webster Decl. ¶ 4, Ex. A § 11. So that is why Ms. Charves-Meeks and counsel are enlisting the Court: to try to rewrite those agreements and leverage the Awards across multiple other arbitrations with other DPs. *See* Webster Decl. ¶¶ 10–11. That blatant advantage-seeking is impermissible and justifies sealing the Awards. *See, e.g.*, *Kamakana*, 447 F.3d at 1179; *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 71 (2d Cir. 2023) ("Here, Stafford continued to seek confirmation and unsealing of her arbitration award even after it had been fully satisfied. Her stated purpose—as argued to the district court and to us—was to enable her counsel to use the award in the litigation of ADEA claims of other former IBM employees. Such efforts to evade the

---

[1] Amazon requests that the documents be sealed in their entirety for the reasons set forth below. Alternatively, if the Court is not inclined to seal the documents fully, Amazon requests that they be replaced on the public docket with the proposed redacted versions attached to the Declaration of Oliver M. Gold filed concurrently with Amazon's Application.

confidentiality provision to which Stafford agreed in her arbitration agreement are a strong countervailing consideration against unsealing."); *Strong*, 2023 WL 6629812, at *5 ("Here, it is apparent the Petition was filed merely as a vehicle for Petitioner to attempt to make the Arbitration Award public.").

Courts do not hesitate to reject these tactics. *See, e.g.*, *Stafford*, 78 F.4th at 71 (explaining that petitioner's stated purpose for seeking to confirm and unseal arbitration award—to evade confidentiality and assist other claimants—was a "strong countervailing consideration against unsealing"); *Billie v. Coverall N. Am., Inc.*, 2024 WL 4380618, at *3 (2d Cir. Oct. 3, 2024) (concluding that sealing documents was appropriate because petitioners' apparent purpose in filing arbitration materials publicly was to "launder their confidentiality through litigation"). In *Strong v. Cashbet Alderney*, for example, the district court sealed an arbitration award filed with a (moot) confirmation petition because it was "apparent the Petition was filed merely as a vehicle for Petitioner to attempt to make the Arbitration Award public" and gain an upper hand in other litigation. 2023 WL 6629812, at *5. The Court should do the same here and "not reward this conduct." *Id.*

***Second***, the fact that the Petition is procedurally—and fundamentally—flawed further highlights its impropriety. At the outset, Ms. Charves-Meeks lacks any injury in fact under Article III ***and*** the Petition is moot because Amazon has satisfied all relief ordered under the Awards. "Article III's case-or-controversy requirement applies to actions governed by the FAA," and a petitioner must therefore show an injury in fact that would arise if the arbitration award were not enforced. *Id.* at *2 (quoting *Stafford* 78 F.4th at 70). Once an arbitration award is satisfied, though, the petitioner lacks an injury under Article III because "regardless of whether the Award is confirmed, [the petitioner] will be in the same position: paid in full." *See id.* at *3. Similarly, the petition will be moot because the petitioner no longer has any "concrete interest" in confirmation. *Billie*, 2024 WL 4380618, at *3; *see also Stafford*, 78 F.4th

-6-

at 67 (holding that "Stafford's petition to confirm her purely monetary award became moot when IBM paid the award in full because there remained no 'concrete' interest in enforcement of the award to maintain a case or controversy under Article III").

The lack of subject matter jurisdiction warrants sealing because "the presumption of access to judicial documents . . . is weaker" when there is no live controversy, Billie, 2024 WL 4380618, at *3 (quoting Stafford, 78 F.4th at 70), and "the Award [i]s ultimately irrelevant to the Court's resolution of the Petition given Petitioner failed to establish any standing to bring it," Strong, 2023 WL 6629812, at *5.[2]

And there is yet another insurmountable bar to Ms. Charves-Meeks proceeding with the Petition: the parties did *not* agree to judicial confirmation of their arbitration awards. The FAA allows a party to seek confirmation only "***[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award***." 9 U.S.C. § 9; see also Raymond James Fin. Servs., Inc. v. Boucher, 2024 WL 233731, at *3-4 (S.D. Cal. Jan. 22, 2024) (rejecting request to confirm an arbitration award because the parties were silent in their arbitration agreement about seeking judicial confirmation and so did not satisfy Section 9 of the FAA). Here, the parties made no such agreement. See Dkt. No. 1-1 § 11; cf. Stafford, 78 F.4th at 69 (explaining that even a "statutory right to seek confirmation under the FAA"—which does not exist here, given the parties' lack of agreement—"does not itself confer standing"). They instead agreed to finally and fully resolve their disputes solely through arbitration. See Dkt. No. 1-1 § 11(a).

***Third***, the parties' agreement to private arbitration further justifies sealing the Awards. The parties expressly chose *not* to publicly litigate their disputes in court,

---

[2] Amazon intends to more fully brief these issues in response to the Petition and/or in an opposition to the anticipated motion to confirm the Awards by Ms. Charves-Meeks. Amazon also raises these issues now because they are compelling reasons that justify sealing the Awards pending resolution of these issues (and after).

-7-

instead opting to "realize the benefits of private dispute resolution." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 348 (2011); *see also* AAA Commercial Rules R-45(a) ("Unless otherwise required by applicable law, court order, or the parties' agreement, the AAA and the arbitrator shall keep confidential all matters relating to the arbitration or the award."). The TOS' arbitration requirement is intended, among other things, to prevent the disclosure of information about the Program that Amazon does not generally publicize but that may be addressed in resolving disputes. The Court should honor the parties' choice of private arbitration, especially where the parties declined to afford the Court even the limited role of confirming arbitration awards. Ms. Charves-Meeks (and her counsel) should not be permitted to—years later—single-handedly rewrite the parties' agreement and transform their private dispute into a public one.

* * *

Simply put, the public has no interest in the Awards under these specific circumstances, and the Court should not allow the Awards to be used as "a vehicle for improper purposes." *Kamakana*, 447 F.3d at 1179; *see also Strong*, 2023 WL 6629812, at *5 ("The Court will not reward this conduct by unsealing the Arbitration Award in an action in which the Petitioner lacks Article III standing."). Continued public disclosure of the Awards serves no legitimate purpose, contravenes the parties' agreement to private arbitration, and exposes information that Amazon generally does not publicly disclose.

## V. CONCLUSION

Amazon respectfully requests that the Court grant its Application to seal the Awards in full or in the alternative to replace them on the docket with redacted versions of the Awards as set forth in the Declaration of Oliver M. Gold filed concurrently with this Application. Gold Decl. ¶¶ 2-4 & Exs. A-C.

The undersigned, counsel of record for Amazon, certifies that this brief contains 2,606 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 4, 2025   **PERKINS COIE LLP**

 */s/ Mallory Gitt Webster*

Oliver M. Gold, CA Bar No. 279033
Mallory Gitt Webster, *pro hac vice*

*Attorneys for Respondent Amazon Logistics, Inc.*