<tr>
<td>
<tr>
</tr>
</td>
</tr>

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| In the Matter of Arbitration Between | Case No. 2:25-cv-6440 JFW (MARx) |
| ROBIN CHARVES-MEEKS, | **The Hon. John F. Walter** |
| Petitioner/Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES OF PETITIONER ROBIN CHARVEZ-MEEKS IN SUPPORT OF MOTION TO CONFIRM FINAL ARBITRATION AWARD** |
| v. | |
| AMAZON LOGISTICS, INC., | |
| Respondent/Defendant. | Date: August 28, 2025<br>Time: 1:30 p.m.<br>Ctrm: 10A |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Petitioner Robin Charves-Meeks ("Petitioner") submits this Memorandum of Points and Authorities in support of her motion to confirm the arbitration award attached as Exhibit A to the accompanying Declaration of Nathan L. Nanfelt in Support of Motion to Confirm Final Arbitration Award.

The Federal Arbitration Act ("FAA") provides that upon a party's application for an order to confirm a binding arbitration award, the district court "*must grant* an order unless the award is vacated or modified." 9 U.S.C. § 9 (emphasis added). Both the Federal Arbitration Act and the California Arbitration Act establish a strong policy in favor of enforcing arbitration agreements. *Armendariz v. Found. Health Psychcare Servs., Inc.,* 24 Cal. 4th 83, 97, 6 P.3d 669, 678 (2000); *Moncharsh v. Heily & Blase,* 3 Cal. 4th 1, 9, 832 P.2d 899, 902 (1992). Under both statutes, confirmation of an arbitration award is meant to be a "*summary proceeding.*" *Uddin v. TD Ameritrade, Inc.,* 740 F. Supp. 3d 975, 981

(N.D. Cal. 2024) (emphasis added). An award can *only* be vacated or modified based on statutory grounds set out in § 10 and 11 of the FAA. *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.,* 341 F.3d 987, 997 (9th Cir. 2003). Because there are no grounds to modify or vacate Petitioner's award, the award must be confirmed. *See Coutee v. Barington Cap. Grp., L.P.,* 336 F.3d 1128, 1134 (9th Cir. 2003).

Petitioner delivered packages for customers of Amazon.com as a driver in the Amazon Flex program in California between November 2018 and October 2019. ECF No. 1-2 at 5. On August 4, 2019, Petitioner filed a Demand for Arbitration and Opt-Out Notice asserting claims that she was misclassified as an independent contractor by Respondent and seeking damages and penalties resulting from that misclassification. On November 6, 2024, arbitrator Judge Lisa M. Rau (Ret.) issued an award granting Petitioner's motion for partial summary judgment ("Misclassification Award"), finding that Respondent had misclassified Petitioner as an independent contractor. Nanfelt Decl. at Ex. A-1; ECF No. 1-2. On January 23, 2025, the arbitrator issued an interim award of damages owed to Petitioner by Respondent ("Interim Award"). *Id.* at Ex. A-2; ECF No. 1-3. On April 29, 2025, the arbitrator issued a fees award and final judgment ("Final Award"). *Id.* at Ex. A-3; ECF No. 1-4.

Based on the foregoing, Petitioner respectfully requests that this court grant the motion for an order confirming the arbitration award, enter judgment thereon, and award the Petitioner such other and further relief as this Court deems just and proper.

DATED this 6th day of August, 2025.

By: _____
Nathan L. Nanfelt, *Admitted Pro Hac Vice*
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
nnanfelt@kellerrohrback.com

Jeffrey Lewis, SBN 66587
KELLER ROHRBACK L.L.P.
180 Grand Avenue, Suite 1380
Oakland, CA 94612
Tel.: (510) 463-3900
Fax: (510) 463-3901
jlewis@kellerrohrback.com

Steven G. Tidrick, SBN 224760
Joel B. Young, SBN 236662
THE TIDRICK LAW FIRM LLP
1900 N California Blvd. 8th Floor
Walnut Creek, California 94596
Tel.: (510) 788-5100
Fax: (510) 291-3226
sgt@tidricklaw.com
jby@tidricklaw.com

***Attorneys for Robin Charves-Meeks***

**CERTIFICATE OF SERVICE**

I certify that on August 6, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

By: _____
Nathan L. Nanfelt