UNITED STATES DISTRICT COURT       JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.  **CV 25-6440-JFW(AJRx)** | Date:  September 3, 2025 |

Title:     Robin Charves-Meeks -v- Amazon Logistics, Inc.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

   Shannon Reilly                                                None Present
   Courtroom Deputy                                           Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                           None

**PROCEEDINGS (IN CHAMBERS):**     ORDER DENYING PETITIONER'S MOTION TO CONFIRM FINAL ARBITRATION AWARD [filed 8/6/2025; Docket No. 26];

   On August 6, 2025, Petitioner Robin Charvez-Meeks filed a Motion to Confirm Final Arbitration Award ("Petitioner").  On August 18, 2025, Respondent Amazon Logistics, Inc. ("Respondent" or "Amazon") filed its Opposition.  On August 25, 2025, Petitioner filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for September 8, 2025 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

   Petitioner participated in the Amazon Flex delivery driver program (the "Program") from November 30, 2018 to October 26, 2019.  When Petitioner signed up to participate in the Program, she agreed to the Amazon Independent Contractor Terms of Service (the "TOS"), which required individual arbitration of any disputes that arose from her participation in the Program.

   On August 4, 2019, Petitioner filed an arbitration demand with the American Arbitration Association ("AAA"), alleging that Amazon had misclassified her as an independent contractor during her participation in the Program and alleging violations of California labor law. Several years later, on November 6, 2024, the AAA arbitrator issued an order granting Petitioner's motion for partial summary judgment ("Misclassification Order"), finding that Amazon had misclassified Petitioner as an independent contractor.  On January 12, 2025, the arbitrator issued an interim award of damages to Petitioner ("Interim Award").  On April 29, 2025, the arbitrator issued a Final Award, requiring Amazon to reimburse Petitioner's counsel for attorneys' fees and costs and fully

resolving all claims and counterclaims submitted to arbitration. The arbitrator did not award any other relief. As of June 6, 2025, Amazon had fully satisfied all relief awarded to Petitioner. Petitioner does not contend that she is entitled to any further relief under any of the arbitration orders.

On July 15, 2025, after Amazon had already satisfied the arbitration award, Petitioner filed a Petition to Confirm Arbitration Award in this Court. Thereafter, on August 11, 2025, Petitioner filed a representative action in San Francisco Superior Court under California's Private Attorneys General Act ("PAGA"), Labor Code §§ 2698 et seq., entitled *Charves-Meeks v. Amazon Logistics, Inc.*, No. CGC-25-628068 (S.F. Super. Ct). In her state court action, Petitioner seeks statutory civil penalties on behalf of the California Labor and Workforce Development Agency ("LWDA") and other aggrieved Amazon Flex drivers throughout California who suffered the same workplace violations as Petitioner.

Petitioner now moves to confirm the arbitration awards pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Although Amazon has fully satisfied all relief awarded to Petitioner by the arbitrator, Petitioner seeks an order confirming the Arbitration Awards because she "intends to rely on them for their potential preclusive effect in her pending state court PAGA action." Petitioner's Reply (Docket No. 36) at 2.

## II.    LEGAL STANDARD

Section 9 of the FAA authorizes a party to an arbitration agreement to seek confirmation of an arbitration award. It provides in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . ., then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected . . . .

9 U.S.C.A. § 9. "A party, successful in arbitration, seeks confirmation by a court generally because he fears the losing party will not abide by the award." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2nd Cir. 1984). "Confirmation gives the winning party . . . a variety of remedies for enforcement." *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 68 (2nd Cir. 2023) (cleaned up). This includes "plac[ing] the weight of a court's contempt power behind the award, giving the prevailing party a means of enforcement that an arbitrator would typically lack." *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 596 (7th Cir. 2017) (cleaned up).

However, "Article III's case-or-controversy requirement applies to actions governed by the FAA." *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 68 (2nd Cir. 2023). A party invoking the Court's subject matter jurisdiction "has the burden of establishing that it has satisfied the case-or-controversy requirement of Article III of the Constitution [and] standing is a core component of that requirement." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing for the purposes of Article III, Petitioner must demonstrate "(1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). An injury in fact is

"an invasion of a legally protected interest" that is (1) "concrete," (2) "particularized," and (3) "actual or imminent, not conjectural or hypothetical." *Id*. at 339.

### III.    DISCUSSION

The Court concludes that it lacks subject matter jurisdiction over this action.  Amazon fully satisfied the Arbitration Awards before Petitioner filed her Petition to Confirm Arbitration Award, and Petitioner therefore lacks a concrete injury under Article III.  Indeed, once an arbitration award is satisfied, the petitioner lacks such an injury because "regardless of whether the Award is confirmed, [the petitioner] will be in the same position: paid in full." *Strong v. Cashbet Alderney Ltd.*, 2023 WL 6629812, at *3 (N.D. Cal. Oct. 11, 2023). *See also Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 70 (2d Cir. 2023) (dismissing a petition to confirm an arbitration award when the "Petitioner cannot demonstrate an injury-in-fact because the Arbitration Award has been fully satisfied").

The Court concludes that Petitioner's desire for a judicially approved arbitration award that her counsel can use in Petitioner's separate, representative PAGA action filed in state court is not a cognizable injury. Indeed, although the Petitioner may still have statutory standing under PAGA to pursue a representative PAGA action despite the fact that her individual claims have already been redressed, *see Adolph v. Uber Technologies, Inc.*, 14 Cal.5th 1104, 1120 (2023), constitutional standing requires Petitioner herself to have a concrete and particularized injury that is likely to be redressed by this favorable judicial decision.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) ("For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way."); *id*. at 341 ("Article III standing requires a concrete injury even in the context of a statutory violation"); *Plotts v. Am. Honda Motor Co., Inc.*, 2023 WL 4843342, at *13 (C.D. Cal. June 9, 2023)("[O]ne individual does not have standing to claim injury to another individual.") (quotations and citations omitted).

Importantly, the Supreme Court "has rejected the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.  . . . Article III standing requires a concrete injury even in the context of a statutory violation." *TransUnion LLC v. Ramirez,* 584 U.S. 413, 426 (2021).  Accordingly, the mere fact that Petitioner has a statutory right to pursue representative PAGA claims in another action (or that the FAA gives her a statutory right to confirm the arbitration award in federal court) is insufficient to confer standing under Article III for the purposes of this action. *See Stafford*, 78 F.4th at 66 (holding that "Stafford's right to confirm the arbitration award is by itself insufficient to establish a 'concrete' injury to maintain a 'live' case or controversy under Article III"); *Strong*, 2023 WL 6629812, at *3 ("Petitioner's insistence he has standing because the FAA gives him the right to confirm the award in federal court ignores recent Supreme Court precedent.").

Petitioner relies heavily on *Narra v. Skyhop Technologies, Inc.*. 703 F. Supp. 3d 1037 (N.D. Cal. 2023).  In that case, the district court held that the petition to confirm the award was not moot for the purposes of Article III, even though the respondents had paid the award in full three days after the petitioners filed their petition to confirm the award.  The district court found that the respondents failed to meet their burden of demonstrating that there was no effective relief that the court could provide, because they failed to "definitively establish that there will be no difference in

the preclusive effect of Petitioners' award if this Court confirms it." *Id.* at 1040.

Not only is that case not binding on this Court, it is clearly distinguishable. In *Narra*, the respondents had the burden to demonstrate that the case was not moot, whereas in this case Petitioner bears the burden to demonstrate Article III standing. *Narra*, 703 F.Supp.3d at 1039 ("Plaintiffs must show standing at the start, but once a case is underway the burden flips to the party asserting mootness to 'establish[ ] that there is no effective relief that the court can provide.'") (quoting *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006)). In contrast to *Narra*, where defendants failed to meet their burden to "definitively" establish that there would be no difference in the preclusive effect of the petitioners' award if the court confirmed it, Petitioner in this case has made no attempt to demonstrate that there would be a difference in the preclusive effect of the arbitration award if the Court confirms it.  *See, e.g., Thibodeau v. Crum*, 4 Cal. App. 4th 749, 752 (1992) (holding that an unconfirmed arbitration award on claims against general contractor had a res judicata effect on homeowners' claims against subcontractor).

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's Motion to Confirm Final Arbitration Award is **DENIED**. This action is dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.